IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. CCB-06-0281 |
| : | Criminal No. CCB-09-0320 |
| WILKINS MCNAIR, JR. : | |

...o0o...

**MEMORANDUM**

The motion by defendant Wilkins McNair for release pending appeal has been reviewed and oral argument was heard September 25, 2009. A defendant may obtain release pending appeal if he demonstrates (1) by clear and convincing evidence that he is (a) not likely to flee or (b) pose a danger to the safety of any other person or to the community, and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in an order for a new trial. 18 U.S.C. § 3143(b)(1).

A "substantial" question is a close question, one that very well could be decided the other way. *U.S. v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991). Under the unusual circumstances of this case, McNair raises a substantial question regarding the inability of the district court to produce even a partial transcript of the Rule 11 proceeding in order to evaluate his contention brought by new counsel on appeal, that the plea was not knowing and voluntary. *See, e.g., U.S. v. Huggins*, 191 F.3d 532, 537 (4th Cir. 1999); *U.S. v. Gillis*, 773 F.2d 549, 554-55 (4th Cir. 1985); *Herron v. U.S.*, 512 F.2d 439, 441 (4th Cir. 1975). While it may be, as the government contends, that there are other methods of sufficiently reconstructing the proceedings, the issue is at least a substantial question for purposes of 18 U.S.C. § 3143(b)(1).[1] And, if the defendant

---

[1] The Fourth Circuit remanded this case to the district court to consider whether the record can be reconstructed, and an evidentiary hearing is set for October 22, 2009 or November 6, 2009.

prevails, the remedy would be an opportunity to re-plead or go to trial.

As to the risk of flight and danger to the community, the government has conceded that McNair does not pose a flight risk, but contends that he poses a danger of economic harm in light of the additional offenses he is charged with having committed while on pretrial and presentence release in the 2006 case.  Those offenses, detailed in the 2009 indictment, encompass numerous fraudulent transactions between 2006 and 2007 aimed at defrauding a widow (identified as "G.C.") out of $1.02 million in assets.  While undoubtedly these are serious charges, it is not established as a matter of law in this circuit that danger to the community encompasses economic or pecuniary harm, although that appears to be settled in the Ninth Circuit.  See *U.S. v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992); *cf. U.S. v. Madoff*, 316 Fed. Appx. 58, 59-60 (2d Cir. 2009)(cited by the parties in this case).

Assuming without deciding that risk of economic harm could be considered, there are several factors which mitigate that risk under the present circumstances.  First, McNair suffers from a serious health condition, Stage V kidney disease, which requires significant medical attention not readily available in any pretrial detention facility in Maryland.[2]

Second, he is no longer engaged in the accounting practice through which he allegedly defrauded GC, nor would he be permitted to engage in any such activity while on release.

Third, he could be subject to strict conditions of home detention, possibly including limits on access to the internet as well as electronic monitoring, third party custody, and posting of property that would alleviate the risk of additional criminal activity.

---

[2] He may be a candidate for a live donor kidney transplant; FMC Devens, where he was serving his sentence, apparently recommended beginning dialysis.

I have considered alternatives to release, including returning McNair to FMC Devens. In light of the upcoming evidentiary hearing ordered by the Fourth Circuit in the 2006 case, however, and the need for defense counsel in the 2009 case to have access to McNair to review discovery and prepare for trial, this is not a practical alternative.

Accordingly, I have concluded that there are conditions of release that may be set that will sufficiently alleviate any risk of economic harm to the community. A hearing will be held to set those specific conditions, including at a minimum third party custody and home detention with electronic monitoring at the residence of Wilkins McNair, Sr., in Capitol Heights. Counsel will be contacted to schedule the hearing.

|  |  |
|---|---|
|     October 8, 2009     |     /s/     |
| Date | Catherine C. Blake<br>United States District Judge |